# United States Court of Appeals for the Fifth Circuit

---

No. 25-40085

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2025

Lyle W. Cayce
Clerk

ANTIONE THOMAS,

*Plaintiff—Appellant*,

*versus*

MICHAEL J. WEST, *District Attorney*; UNKNOWN JACKSON, *Judge, Smith County*; LARRY SMITH, *Sheriff, Smith County*; KURT NOEL; QUINCY BEAVERS, *Judge, Smith County*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-30

---

Before STEWART, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Antione Thomas, Texas prisoner #02399247, moves to proceed in forma pauperis (IFP) on appeal following the district court's denial of his Federal Rule of Civil Procedure 60(b) motion. His motion was filed subsequent to the district court's dismissal of his civil rights action filed under 42 U.S.C. § 1983. By seeking to proceed IFP, Thomas challenges the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his IFP motion, Thomas contends he is entitled to Rule 60(b)(6) relief from the judgment dismissing his § 1983 complaint because the district court, in dismissing at least one of the claims raised in his complaint, erroneously found that the claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). He argues that the *Heck* bar only applies to claims raised after a conviction is entered, and he filed his complaint prior to his conviction. Thomas has shown no arguable error in the district court's rejection of this claim. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). Furthermore, we do not consider his claims, raised for the first time in his IFP motion, that he is entitled to Rule 60(b) relief because, he asserts, the district court and magistrate judge were biased or engaged in other malfeasance. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999)

Thomas does not make the requisite showing that his appeal involves a nonfrivolous issue that the district court abused its discretion in denying his Rule 60(b) motion. *See Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018); *Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Thomas is WARNED that if he accumulates three strikes, he will

No. 25-40085

not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).